UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA  :

        :

    v.  :  NO. 1:22CR372-1

        :

JOSEPH KENNETH NEWBOLD  :

**DEFENDANT'S <u>AMENDED </u>MOTION TO BAR IMPOSITION OF
MULTIPLE PUNISHMENTS FOR SINGLE OFFENSE
BY MERGER OF COUNTS 1-4 INTO A SINGLE SENTENCE**

Now comes Joseph Kenneth Newbold ("Newbold"), the Defendant *Pro Se*, pursuant to the Double Jeopardy and Due Process Clauses of Amendment Five, U.S. Constitution, and moves the Court to merge his four convictions for possession of a controlled substance with intent to distribute in violation of 21 USC 841(a) by imposing a single sentence for Count One as prescribed by 21 USC 841 (b)(1)(A) and dismissing Counts Two, Three and Four. Defendant respectfully submits the following memorandum of law and relevant facts in support of his motion:

<u>RELEVANT FACTS</u>

Newbold was indicted on four counts of possession of a controlled substance with intent to distribute in violation of 21 USC 841(a). Each count alleged a different Schedule II drug (meth, fentanyl, cocaine and heroin) as the fact or means of commission proving the "controlled substance element" of 21 USC 841(a). These four drugs were all found on May 10, 2022 during a search of the woods near Newbold's residence, so that the four possessions were simultaneous at one location, 4960 Cecil Norman Road.

1

Newbold made a pretrial motion to dismiss the four counts as multiplicious under Rule 12(b)(3)(B)(2) or to defer the claim until sentencing and merge any counts that result in conviction. (ECF 48, pp 1-5). The Court ruled that the indictment was not multiplicious, because the four drugs alleged as evidence or means of commission "remain separately listed in different schedules, evincing Congressional intent that the possession of each substance be a separate offense and permit separate sentences for each offence." ECF 60, p. 19, Memorandum Opinion.

Contrary to this characterization of the drug evidence, the indictment states all four drugs are in the same schedule, that is Schedule II. (ECF 1). The Court's jury instructions instructed that as a matter of law under 21 USC 812 meth, fentanyl and cocaine all were Schedule II substances. The Court's jury instruction constructively amended Count 4, by stating Count 4 charges possession of a Schedule I substance rather than a Schedule II substance and that heroin was such a Schedule I substance under 21 USC 812. ECF 70. The jury found Newbold guilty of all four counts.  (ECF 73) Newbold's Double Jeopardy claim is ripe, as the four convictions if sentenced separately would produce four sentences for a single offense of possession at a single place and time.

ARGUMENT

I. BECAUSE THEY HAVE IDENTICAL ELEMENTS CHARGING POSSESSION AT THE SAME TIME AND LOCATION, COUNTS ONE TO FOUR ARE A SINGLE OFFENSE WHICH ALLOWS ONLY ONE SENTENCE AND CONVICTION.

"The Double Jeopardy Clause bars imposition of cumulative punishments for the

2

same offense in a single criminal trial." *US v. Goodine*, 400 F.3d 202, 206-207 (4th Cir. 2005)("single offense charged in multiple counts" creates the "signal danger" that a defendant might thereby receive multiple punishments for the same crime"). To determine multiple punishment claims, the Court must apply "the same elements test established by the Supreme Court in *Blockberger v. US*, 284 U.S. 299 (1932). Under *Blockberger* analysis, successive punishments do not violate the Double Jeopardy Clause if each offense contains an element not contained in the other." *US v. Hall*, 551 F.3d 257, 266-267 (4th Cir. 2009). In *Hall* the Defendant was convicted of possession of a controlled substance with intent to distribute, 21 USC 841(a), in the District of Maryland on April 11, 2001. Defendant had previously been acquitted for two District of Columbia possession with intent to distribute offenses occurring on December 31, 2000 and February 15, 2001. So he argued these three convictions were for the same offense and the Maryland conviction was barred by the D.C. acquittals.

The *Hall* court agreed that the elements of the MD and DC charges were identical under *Blockberger* analysis as the essential elements were (1) possession of the controlled substance (2) knowledge of the possession, and (3) the intent to distribute. *Id.* at 267, note 1, but because the acts of possession had occurred in different states during different months, the three convictions were not for the same offense and thus not multiple punishments. *Hall* at 269.

In Newbold's case, counts 1-4 have the same elements and the 4 possessions

occurred at the exact same time, date and location, consequently there is only a single offense under 21 USC 841(a) and imposing four sentences would amount to multiple punishments according to *Hall*, *Id.* It is possession of "a controlled substance" that establishes guilt under 21 USC 841(a) and the type of controlled substance is only evidence or means of commission of this "controlled substance element" so each of the numerous controlled substances listed in 21 USC 812 is not an element of the 841(a) crime for purpose of the *Blockburger* and *Hall* analysis for multiple punishment claims.

This is so because "guilt of the substantive offense defined in 21 USC 841(a) is not dependent upon a determination of the amounts or type of narcotic." *US v. Reid*, 523 F.2d 310, 315 (4th Cir. 2008)((instructing jury that specific drug quantity was an element of conviction under 841(a) misstated the law). The ordinary meaning of 841(a) thus requires a defendant to know only that the substance he is dealing with is some unspecified substance listed on the federal drug schedules. *McFadden v. US*, 526 US 186, 192 (2015). All circuits agree that "the specific nature of a scheduled substance is not an element of the offense set out in 841(a). A substance's specific identity is a means, rather than an additional element." *US v.Requena ,* 980 F.3d 30, 51 (2d Cir. 2020). "Elements as opposed to means or brute facts are ordinarily listed in the statute that defines the crime." *Requena*, *Id.* at 49. The statute of conviction in Newbold's case criminalizes distribution, manufacture or possession with intent to distribute or manufacture a controlled substance, so the specific substance charged is not an element listed in the crime's definition and is

4

merely evidence used to prove the "controlled substance element" of 21 USC 841(a). See also, *US v. Miller*, 891 F.3d 1220, 1230 (10th Cir. 2018)("indictment is not duplicitous . . where each count charged a single [distribution] transaction, albeit one involving multiple drugs, conducted at same time and place").

The fact Counts 1 & 2 allege distinct drug types and quantity as a sentencing factor which trigger enhanced penalties under 21 USC 841(b)(1)(A) and (B) does not mean those counts contain an element of the 841(a) offense not contained in the other counts. After the *Apprendi* decision required new procedures for determining means of commission of an offense that allowed increased penalties, defendants in every circuit argued that *Apprendi* had announced a new substantive rule interpreting the elements of 21 USC 841(a) that applied retroactively on collateral review. Like all other circuits, the 4th Circuit rejected this argument, holding that *Apprendi* does not apply retroactively on collateral review as *Apprendi* announced a procedural rule, not a substantive rule, and concerned only identity of fact finder and burden of proof for means of commission or facts allowing enhanced sentences. *US v. Sanders*, 247 F.3d 139 (4th Cir. 2001). *Apprendi* did not alter the elements of 21 USC 841(a) offense at all.  As "section 841 simply defines a crime and assigns penalty ranges depending upon particular characteristics of the crime. *Apprendi* governs process by which elements of a crime and also facts relevant to sentencing may be determined." *US v. McAllister*, 272 F.2d 228, 232 (4th Cir. 2001). In sum, 21 USC 841(b) does not add an element of drug type to the 841(a) crime, insofar as

841(b) tells us how a person who violates 841(a) should be punished depending on the circumstances of this crime, e.g., by the type and quantity of controlled substance involved and whether it is a repeat offense." *Moncrieffe v. Holder,* 569 US 184, 193 (2013). Consequently, the different drug types alleged by Counts 1-4 to prove the controlled substance element are merely "characteristics" of Newbold's single offense under 21 USC 841(a). They are not relevant to a finding of guilt but only to penalty selection after a finding of guilt. Counts 1 and 2 are "an amalgam of elements and sentencing factors. *Moncrieffe*, *Id at 196.* These counts contain identical elements for *Blockburger* and *Hall* analysis but allege different sentencing factors irrelevant to same offense analysis.

> II. Because drug type is not an element of the offense defined by 21 USC 841(a), the appropriate unit of prosecution is the number of incidents of possession at the same time and location, not the number of controlled substances possessed simultaneously.

Whether Newbold may be cumulatively punished for each type of controlled substance allegedly as proof of the controlled substance element of the possession with intent to distribute offense of May 10, 2022, at one location is a question about what unit of prosecution is provided by 21 USC 841(a). Where alternative interpretations of unit of prosecution are plausible, the rule of lenity resolves ambiguity against applying "the harsher alternative interpretation absent clear and definitive language of Congress." *US v. Universal C.I.T.,* 344 US 218 , 221-222 (1952).

In a case involving distribution of controlled substances under 21 USC 841(a) the

4th Circuit decided each distinct act of delivery is a separate unit of prosecution rather than the number of controlled substances delivered. *US v. Elliott*, 849 F.2d 886, 890 (4th Cir. 1988). In *Elliott,* two deliveries of drugs 10 days apart were held to be two distinct acts and thus two offenses, but it was also held "multiple acts of physical delivery which occur at essentially the same time in the same place with involvement of the same participants must be considered a single offense for the purpose of punishment." *Elliott, Id.* at 890.

This principle was applied to the possession with intent to distribute offenses under 21 USC 841(a) to hold that simultaneous possession of multiple drugs in close proximity to each other constitutes a single offense and a single unit of prosecution. *US v. Bennafield*, 287 F.3d 320 4th Cir. 2002), followed by *US v. Coles*, No. 1:16CR212 (MDPA 2021)(Allowable unit of prosecution for 841(a) is the incident of possession itself. Counts do not charge distinct and separate offenses merely because they identify multiple controlled substances). The 4th Circuit has a consistent rule that "defendant cannot be convicted of multiple counts of possession when multiple items of contraband are seized on a single occasion." *US v. Leftennant,* 341 F.3d 338, 348 (4th Cir. 2003)(multiple counterfeit bills one offense); *see also US v. Dunford,* 148 F.2d 385 (4th Cir. 1998)(multiple firearms seized from one location are one 18 USC 922(g) offense).

When denying Newbold's motion to dismiss the indictment, the Court held that because the four types of drugs alleged as evidence of the "controlled substance element"

7

or 21 USC 841(A) remain separately listed in different schedules," Congress intended to "permit separate sentences for each offense," despite the fact that the counts have identical statutory elements and occurred at the same time and location. (ECF 60, p. 19, Opinion). Relying on *US v. Grandison,* 783 F2d 1152 (4th Cir. 1986). However, *Grandison* is inapposite for two reasons. First, *Grandison*, interpreted an earlier version of 21 USC 841(b) which assigned maximum penalties to the different schedules (I to VI) under 21 USC 812, but contained no mandatory sentences for specific drugs. *Grandison* does not control unit of prosecution analysis of the current 841(b) penalty scheme enacted in 1986. More importantly, *Grandison* held that "simultaneous possession of multiple drugs of different schedules are multiple offenses" and thus does not control cases of simultaneous possession of drugs contained in the same schedule. *US v. Bennafield*, 287 F.3d 320, 323 (4th Cir. 2002)(distinguishing *Grandison*). Counts 1 to 4 each allege Newbold possessed drugs listed in Schedule II, not different schedules, so in light of *Bennafield* and *Grandison*, multiple punishments for each Schedule II drug simultaneously possessed is not permitted. Count 4 alleged Newbold possessed Heroin, a Schedule I drug, but because heroin is actually a Schedule II Drug, Count 4 should be dismissed for failure to allege facts supporting the charge or in the alternative because the Court's jury instructions, constructively amended Count 4 in violation of the indictment clause, Amendment Five, US Constitution.

## III. REMEDY REQUESTED

8

Count One carries the highest penalties, 10 years to life imprisonment under 21 USC 842(b)(1)(A) and Counts Two, Three, and Four carry lesser penalties under 841(b)(1)(B & C). For the single offense of Possession with Intent to Distribute controlled substances on May 10, 2022 at one location, the Court should impose a single sentence under 841(b)(1)(A) and dismiss the other Counts. The only change to Newbold's sentencing range created by such merger of multiplicious counts will be that only one $100 assessment can be imposed rather than four. Imposing concurrent sentences on 4 counts would still impose cumulative punishment because of the four assessments. Therefore only dismissal of Counts 2-4 will prevent a sentence violating the Double Jeopardy Clause. *See US v. Bennafield,* 287 F.3d 320 (4th Cir. 2002) *citing Ball v. US*, 420 US 896 (1985).

Respectfully submitted, January 17, 2024

**/s/** *Joseph Kenneth Newbold*
**JOSEPH KENNETH NEWBOLD,** *pro se*

## CERTIFICATE OF SERVICE

I certify that on January 17, 2024, I caused the foregoing pleading to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to Mary Ann Courtney and Craig Principe.

**/s/** *Joseph Kenneth Newbold*
**JOSEPH KENNETH NEWBOLD,** *pro se*

9